MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

THERESA B. BOWMAN (*pro hac vice*)
tbb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
1818 N STREET NW, SUITE 700
WASHINGTON, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7899

Attorneys for Plaintiff Riot Games, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 2:21-cv-8800-SB-(JPR*x*) <br><br> Judge: Stanley Blumenfeld, Jr. <br><br> **SECOND EX PARTE APPLICATION FOR LEAVE TO TAKE ADDITIONAL LIMITED EXPEDITED DISCOVERY TO IDENTIFY DOE DEFENDANTS** <br><br> [[Proposed] Order filed concurrently herewith] |

Mitchell Silberberg & Knupp LLP

13916598.2

1

# NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Plaintiff Riot Games, Inc. ("Riot") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) for leave to serve an additional Subpoena upon Wells Fargo Bank, N.A., which is necessary for Plaintiff to learn the identities of unnamed or alias "Doe" Defendants in this action and to ensure that all necessary parties have been named in this lawsuit.

On December 20, 2021, this Court issued an order granting leave to take early discovery (Dkt. 15). By this Application, Plaintiff seeks leave to serve (1) one additional Subpoena based on responses received from the first set of subpoenas served, and (2) potential follow-up subpoenas that may be warranted based on responses received from the requested subpoena. A copy of the proposed Subpoena is attached as **Exhibit 1** to this Motion.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint in this action, the original Ex Parte Application (Dkt. 14) and the Court's Order granting the Ex Parte Application (Dkt. 15), and such other and further oral or documentary evidence and legal memoranda as may be presented at or before any hearing on this Application. This Application is made on an *ex parte* basis in order to ensure that the information is obtained (and, if necessary, any pleadings amended) on a timely basis.

DATED: January 28, 2021

MARC E. MAYER
THERESA B. BOWMAN
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
    Marc E. Mayer (SBN 190969)
    Theresa B. Bowman (*pro hac vice*)
    Attorneys for Riot Games, Inc.

Mitchell
Silberberg &
Knupp LLP
13916598.2

2

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 20, 2021, this Court issued an order granting an Application (Dkt. 14) by Plaintiff Riot Games, Inc. ("Riot") for leave to take limited early discovery in the form of five subpoenas to third party service providers (Dkt. 15). In that application, Riot explained this discovery would either identify, or "provide critical leads" to identify, a group of "Doe" Defendants perpetuating an online scam that misuses Riot trademarks. Dkt. 14 at 8. Information obtained from those subpoenas has already revealed one such "critical lead" – the existence of a Wells Fargo bank account into which multiple payments from scam victims was transferred. By this second Application, Riot seeks leave to serve a follow-up Subpoena on Wells Fargo Bank, N.A. (Wells Fargo"), as well as follow-up subpoenas to any subsequent financial institutions that received the victims' money.

Good cause exists for the requested additional discovery. Indeed, the requested discovery is necessary for Riot to follow the lead that it has obtained. As set forth in the initial application, at issue in this case is a sophisticated online "phishing" scam targeting fans and prospective employees of Riot. To carry out their scam, Defendants pose as Riot employees, create fake online profiles using Riot's name and logo, create fake interview and onboarding documents using Riot letterhead and forms, and ultimately carry out a variety of nefarious activities – including identity theft and bank fraud – under Riot's name and brand. As a result of these activities, Defendants have stolen thousands of dollars, bank account information, social security numbers, and other personal information from unsuspecting individuals.

On December 16, 2021, Riot filed its original Ex Parte Application (Dkt. 14) seeking leave to take circumscribed early discovery from various third party service providers that Defendants used to commit their fraud, including their email service (Gmail), domain name registrar (Namecheap), online chat service

Mitchell Silberberg & Knupp LLP
13916598.2

3

(Discord), and financial services providers (Zelle and Venmo). The discovery sought from Zelle and Venmo was especially important because Riot hoped to "follow the money" paid from scam victims to cash payment apps such as Zelle and Venmo at the instruction of Defendants. *See* Dkt. 14-1 (Nabel Decl.) ¶ 13; Compl. Ex. B. This Court granted the application, and Riot served those subpoenas shortly thereafter.

Riot recently received some information from the subpoenaed parties. Among the most important pieces of information received were transaction records from the payment service Venmo. These records reflect that at least two known scam victims made payments to a Venmo account belonging to a single, living individual located in the United States. (The victims' payments are specifically identified in the account records). Within minutes of this individual's receipt of the funds into the Venmo account, the stolen funds were transferred to a Wells Fargo bank account (either by this individual or by another individual.)

Riot has obtained the identifying account number[1] for the Wells Fargo account, but does not know who the account belongs to. Riot also does not know whether the stolen funds were transferred out of the Wells Fargo account to a third party. While it is possible that the individual who possesses the account was involved in the scam, it also is possible that this individual was unknowingly assisting the scammers. Thus, in the exercise of caution (and because of the serious nature of the conduct), Riot does not wish to name this individual as a defendant without additional information about the Wells Fargo account and the disposition of those funds after being transferred.

Accordingly, Riot seeks to obtain information from Wells Fargo about: 1) the owner of that Wells Fargo account; 2) whether, and to where, victims' payments were next transferred after hitting the account, and 3) whether other

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a)(4), and to protect the privacy of non-parties, we have redacted all but the last four digits of the financial account number in the exhibited subpoena. The full number will be provided to Wells Fargo.

similar payments were made to the account by scam victims under the common "memo" identifier known to be used by the Defendants (*i.e.,* SVG2816, *see* Dkt. 14 at 15-16).  Attached as **Exhibit 1** is a narrowly tailored Subpoena directed to Wells Fargo to obtain this information.  Riot will provide Well Fargo with ample time to respond to the subpoena, and thus the individual who possesses the account will have a full opportunity (if they so choose) to file motions to quash or otherwise object to the discovery.

Additionally, it is possible that the subpoena to Wells Fargo will reveal transfers of the stolen funds to yet another account.  In the event that Riot discovers this to be the case, it will be necessary for Riot to issue a subsequent subpoena to the transferee financial institution to identify the recipient of the funds.  For the purposes of judicial economy and efficiency, Riot respectfully requests that the Court permit Riot to serve subsequent subpoenas to any financial institutions that were recipients of the stolen funds.  These subsequent subpoenas would be in a form that is similar to the subpoena attached as Exhibit 1.

For the foregoing reasons, Riot requests that the Court grant it leave to file the subpoena attached as Exhibit 1 and any necessary follow-up subpoenas that seek substantially the same categories of information.

DATED: January 28, 2021         MARC E. MAYER
                                THERESA B. BOWMAN
                                MITCHELL SILBERBERG & KNUPP LLP


                                By: */s/ Marc E. Mayer*
                                    Marc E. Mayer (SBN 190969)
                                    Theresa B. Bowman (*pro hac vice*)
                                    Attorneys for Riot Games, Inc.

Mitchell
Silberberg &
Knupp LLP

13916598.2

5

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| Riot Games, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-8800-SB-(JPRx) |
| | ) | |
| John Does 1-10, inclusive | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wells Fargo Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 1517 W. Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                        Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Riot Games, Inc._____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

13924235.1

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-8800-SB-(JPRx)

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

13924235.1



Case 2:21-cv-08800-SB-JPR   Document 16   Filed 01/28/22   Page 9 of 12   Page ID #:199

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

13924235.1



## ATTACHMENT A

### I. INSTRUCTIONS

1. Wells Fargo Bank, N.A. ("Wells Fargo"), including its divisions, business units, departments, and related entities, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2. Wells Fargo is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3. Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1. The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2. "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular, and the singular includes the plural. The masculine gender of any word used herein includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3. The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence. Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

       4.       The term "IP Address" means Internet Protocol address and Internet Protocol number.

       5.       The term "Venmo Account" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions via PayPal's products and services known as "Venmo."

       6.       The term "Identify" means:

       (a)       for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

       (b)       for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

       (c)       in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

       1.       All Documents sufficient to Identify all individuals and/or entities associated with the following Wells Fargo Bank Account, number: XXXXXXXX9793 (the "Account").

       2.       All Documents concerning any and all transactions made to the Account (including incoming or outgoing funds transfers) between 9/22/2021 and 9/28/2021 from any Venmo (Paypal) account, including Documents sufficient to Identify the date, time and amount of all such transfers.

       3.       All Documents concerning (including Documents sufficient to confirm the date, time, amount and recipient of) any outgoing payments or transfers initiated and/or completed, whether successful or unsuccessful, within five (5) days of any transactions Identified, referenced or described within Request 2.

3

      4.      All Documents sufficient to Identify all individuals and/or entities associated with any transactions to or from the Account including the following information in the "Memo" or "Message" field at any time between January 1, 2020 and the present:

          (a)    SVG2816